703 A.2d 399

JOHN CLEMENCY, PLAINTIFF, v. JAMES E. BEECH,
CLERK OF CAMDEN COUNTY, DEFENDANT.

Superior Court of New Jersey
Law Division
Camden County

Decided July 18, 1997.

*William C. O'Brien, Jr.,* for Plaintiff.

*Donna L. Platt,* Esq., for Defendant.

HORNSTINE, J.S.C.

Plaintiff seeks declaratory judgement to render *N.J.S.A.* 19:23-16 as directory rather than mandatory. Additionally, plaintiff seeks inclusion as a Republican candidate for City Council in the upcoming municipal election in the City of Gloucester.

Defendant, James E. Beech, is named in his capacity as the County Clerk for the County of Camden.

### FACTS

On June 3, 1997 the Primary Election was held in the State of New Jersey for both the Republican and Democratic Parties. In Gloucester City, Camden County, plaintiff, John Clemency, re-

ceived 19 write-in votes for City Council as the Republican Party candidate. The total votes received by plaintiff qualified him for the Republican Party nomination in the general election.

The election return sheet was certified as correct and filed on election night with the County Clerk by the Board of Election.

On June 5, 1997 in accordance with *N.J.S.A.* 19:23–16, plaintiff prepared the Letter of Acceptance and Oath of Allegiance. The documents were filed with the Municipal Clerk in Gloucester City.

On June 9, 1997, the Municipal Clerk mailed plaintiff's Letter of Acceptance and Oath of Allegiance to the Camden County Clerk's Office. The documents were never received. An inquiry was made to the Post Office, where it was revealed that a wrong zip code was placed on the envelope.

Since the necessary documents were not received within seven days after the primary election, the Camden County Clerk will not place plaintiff's name on the general election ballot. Sample and official ballots are scheduled for preparation in August 1997.

## *LAW*

With the uncontroverted facts at hand, the court must determine whether the time parameters included in *N.J.S.A.* 19:23–16 should be considered as mandatory or directory. *N.J.S.A.* 19:23–16 states in pertinent part:

> Any person nominated at the primary by having his name written or pasted upon the primary ballot shall file a certificate stating that he is qualified for the office for which he has been nominated, that he is a resident of and a legal voter in the jurisdiction of the office for which the nomination is made and that he consents to stand as a candidate at the ensuing general election to which shall be annexed the oath of allegiance prescribed in section 41:1–1 of the Revised Statutes duly taken and subscribed by the person so nominated before an officer authorized to take oaths in this State. Such acceptance *shall be filed within seven days* after the holding of the primary with the county clerk in the case of county and municipal offices and with the Secretary of State for all other offices. (emphasis added)

The right to vote is the constitutional engine that powers our democracy. The expression of free will for the populace to choose candidates is not to be disregarded. Our election process

does not have a common law origin; it is entirely statutory. *Taylor v. Beckham*, 178 *U.S.* 548, 20 *S.Ct.* 890, 44 *L.Ed.* 1187 (1900). A statute is not to be interpreted according to the strict letter of the statute; it should be read to advance the sense and meaning fairly inferred from the contents. *Wene v. Meyner*, 13 *N.J.* 185, 197, 98 *A.*2d 573 (1953). The sentiments of the voters should not be defeated by an act for which the voter is not responsible unless there is a direct and express mandate by statute that allows for no other interpretation. *Attorney General v. Belleville*, 81 *N.J.L.* 200, 80 *A.* 116 (Sup.Ct.1911); *Otis v. Lane*, 68 *N.J.L.* 656, 54 *A.* 442 (E. & A. 1903); *Bliss v. Wooley*, 68 *N.J.L.* 51, 52 *A.* 835 (Sup.Ct.1902).

In the case *sub judice*, the write-in votes cast in favor of plaintiff were a valid expression of the free will of the electorate. Thereafter, despite all steps taken by plaintiff to insure full compliance with *N.J.S.A.* 19:23–16, the County Clerk did not receive the requisite documents. Both the candidate and the County Clerk are blameless for the unfortunate circumstances. These facts illustrate that an election statute seemingly mandatory prior to election can become directory afterwards if it appears that "the election result was not thereby prejudiced." *Wene v. Meyner, supra,* at 196, 98 *A.*2d 573. Validly cast write-in votes must remain unrestricted by technical restraints of the election laws. *Riecker v. Hartmann*, 130 *N.J.Super.* 266, 272, 326 *A.*2d 101 (Law Div.1974).

It would be rather simple for the court to disqualify plaintiff as a candidate for council. But to do so, the voters in this general election would be denied the opportunity to consider his candidacy in relation to the others. *See Fulbrook v. Reynolds, et al.,* 304 *N.J.Super.* 125, 698 *A.*2d 564 (Law Div.1997). This decision would be against public policy that affords voters the opportunity to make a choice. *Catania v. Haberle*, 123 *N.J.* 438, 588 *A.*2d 374 (1990). It would also be against the spirit of the election laws as well as against the spirit of a democratic system. *See In re 1992*

*Municipal Elections,* 257 *N.J.Super.* 368, 373, 608 *A.*2d 462 (Law Div.1992).

Since *Kilmurray v. Gilfert,* 10 *N.J.* 435, 91 *A.*2d 865 (1952), our Supreme Court has stated that time limitation within the election legislation exists to afford the election officials time to prepare the technical niceties for the general election. With *Kilmurray* in mind; let us look at the realities of the situation. Ballots for the upcoming municipal election have not yet been printed. The County Clerk has ample time to prepare the ballots and give notice to the local newspapers. No one would be prejudiced if plaintiff were included as a candidate.

*N.J.S.A.* 19:23–16 sets forth the time parameters to file the Letter of Acceptance and Oath of Allegiance i.e. within seven days after the primary election. It is inconceivable to this court that the Legislature would have intended this provision to be construed as mandatory under the uncontroverted facts herein.

■ Interpretation of the election law, and particularly *N.J.S.A.* 19:23–16, must be construed in a liberal manner; "liberal" in the sense of construing it to allow the greatest scope for public participation in the electoral process, to allow candidates to be placed on the ballot, and most importantly to allow the voters a choice on Election Day. See *Catania v. Haberle, supra,* 123 at 448, 588 *A.*2d 374 and *Fulbrook v. Reynolds, supra.*

To that end and in accordance with statutory and case law, the Court will grant plaintiff, John Clemency, the right to be included as the Republican candidate for City Council in the general election in compliance with *N.J.S.A.* 19:23–16, as interpreted by this decision. To not allow the inclusion of plaintiff's name on the official ballot is tantamount to disenfranchising the voters who voted for him. The right of suffrage for these votes is a right that must be regarded with jealous solicitude.